# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1548

———————

United States of America,

      Appellee,

v.

Sterling Killings,

      Appellant.

\*
\*
\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Missouri.
\*
\*       [UNPUBLISHED]
\*
\*

———————

Submitted: December 14, 2004
Filed: January 31, 2005

———————

Before MELLOY, BRIGHT, and BENTON, Circuit Judges.

———————

PER CURIAM.

Sterling Killings appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Killings's main argument is that the district court[1] erred in refusing to admit into evidence the government's memoranda—original and amended—outlining evidence it anticipated to offer at a suppression hearing. The memoranda conflict

———————

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

about two facts. At the hearing, the Assistant U.S. Attorney explained that she filed the amended memorandum because "I noticed some factual errors" in the original one. At trial, the district court excluded the memoranda, preventing cross-examination of a police officer about inconsistencies between them and the officer's trial testimony. Killings asserts that these prior memoranda by the government are non-hearsay admissions by a party-opponent under Fed. R. Evid. 801(d)(2)(B). In this case, the government never manifested its adoption or belief in the truth of the facts in the memoranda because the government at most only "anticipates" what the facts would be, and within two days corrected the anticipated facts. *See* Fed. R. Evid. 801(d)(2)(B). In sum, the memoranda are unquestionably hearsay as they are statements, other than by the declarant while testifying at trial, offered in evidence for the truth of the matter. *See* Fed. R. Evid. 801(c). The district court did not err in refusing to admit the memoranda. *See* Fed. R. Evid. 802.

Killings further argues that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), because it did not disclose the information upon which it made inconsistent statements in the memoranda. Additionally, he contends that the court erred in denying his motion to exclude expert testimony based upon the government's failure to give timely notice under Fed. R. Crim. P. 16(a)(1)(G), and abused its discretion in refusing to grant a continuance after denying the motion.[2] Finally, Killings asserts that the district court plainly erred because the government's cross-examination of a defense witness infringed the jury's right to make credibility determinations.

Having reviewed the record and the applicable legal principles, this court finds no error. The judgment is affirmed. *See* 8th Cir. R. 47B.

_____

_____

[2]Killings's motion to supplement the record on appeal is granted.

-2-